Margot L. Roen (SBN: 257965)
LAW OFFICES OF MARGOT L. ROEN
14375 Cuesta Court, Suite A
Sonora, CA 95370
Telephone:  (707) 339-2118
Facsimile: (209) 532-1418
Email: margot@mlrlawoffices.com

Attorney for Plaintiff
WHITE ROCK INVESTORS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITE ROCK INVESTORS, LLC, a California corporation with its principal place of business in California,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD WISE, DAWNYEL WISE, ALICIA DURAN, KAMERON MCLEAN and TENIELLE MONDAY, as Individuals, and CAROUSEL MANAGEMENT, LLC, an Oregon corporation with its principal place of business in Oregon,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF:**<br><br>**1.  FEDERAL TRADEMARK INFRINGEMGENT**<br>**2.  FALSE DESIGNATION OF ORIGIN;**<br>**3.  TRADEMARK DILUTION;**<br>**4.  VIOLATION OF CAL. BUS. & PROF. CODE § 14330;**<br>**5.  VIOLATION OF CAL. BUS. & PROF. CODE § 17200;**<br>**6.  UNJUST ENRICHMENT** |

Plaintiff WHITE ROCK INVESTORS, LLC (hereinafter referred to as "WRI" or "Plaintiff") for the causes of action against Defendants RICHARD WISE, DAWNYEL WISE, ALICIA DURAN, KAMERON MCLEAN, TENIELLE MONDAY, and CAROUSEL MANAGEMENT, LLC (hereinafter referred to as "Defendants"), and each of them, alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for trademark infringement, trademark dilution, unlawful business practices, and related causes of action arising from Defendants' improper use of Plaintiff's protected and trademarked name "White Rock Resort".

2. This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367(a); and 15 U.S.C. § 1121, because the claims stated herein arise under the laws of the United States or are related to such claims and are part of the same case and controversy.

3. Venue in this Court is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and/or a substantial part of property that is the subject of this action is situated in this District.

4. The Court has personal jurisdiction over the Defendants by virtue of Defendants transacting and doing business in this District and also by virtue of Defendants committing a tort in or directed at this District.

**THE PARTIES**

5. At all times material hereto, WRI is and has been a limited liability company existing under and by virtue of the laws of the State of California with its principal place of business at 151 N. California Avenue, Oakdale, California 95361.

6. Plaintiff is informed and believes, and on that basis alleges, that at all times material hereto, Defendant Carousel Management, LLC is a limited liability company existing under and by the virtue of the laws of the State of Oregon with its principal place of business at 16189 Highway 101, Harbor, Oregon 97415. Plaintiff is informed and believes, and on that basis alleges, that at all times material hereto, Defendant Richard Wise is the registered agent for Carousel Management,

LLC and an employee of the same, and Defendant Dawnyel Wise is a member of Carousel Management, LLC.  Plaintiff is informed and believes, and on that basis alleges, that Defendant Alicia Duran is an employee and property manager for Carousel Management, LLC, and Defendants Kameron McLean and Tenielle Monday are employees of Carousel Management, LLC.

### FACTS COMMON TO ALL CAUSES OF ACTION

7. White Rock Resort (the "Resort") is and has been known as a beautiful, tranquil vacation destination along the northern coast of California.  The Resort consists of cabins, many of which are oceanfront, situated along the rugged coastline just south of the Oregon border.  The Resort attracts visitors from all over the country who are in search of an affordable and peaceful ocean side getaway.

8. Plaintiff has engaged in extensive marketing and promotion of the Resort and has enjoyed significant profits from the reservations booked at the Resort.

9. Due to Plaintiff's extensive use of the "White Rock Resort" mark, Plaintiff has built up significant goodwill therein and its brand has become associated with and recognized as a beautiful vacation destination.

10. As a result of such longstanding, substantial and continuous use, the White Rock Resort name and brand have long been recognized by consumers.

11. Since as early as 1997, the mark "White Rock Resort" has been utilized to market and promote the Resort, and Plaintiff has acquired broad common-law rights in this trademark.  In addition, the name and mark "White Rock Resort" has been registered since September of 2009.  The trademark was officially assigned to Plaintiff by the prior Resort owner in August of 2017.  The registration filing is identified below:

| Serial No. | Classification Type of Goods and Services |
|---|---|
| 77722370 | IC 036. US 100 101 102 |

12. A true and correct copy of the filing for registration listed above is attached hereto as **Exhibit A**.

*Defendants' Unlawful Activities*

13. Upon information and belief, Defendant Carousel Management, LLC was created as a limited liability company in the State of Oregon on November 21, 2016. Upon information and belief, Defendant Richard Wise is the registered agent for Carousel Management, LLC and one of its employees, and Defendant Dawnyel Wise is a member of Carousel Management, LLC and its manager. Upon information and belief, Defendant Alicia Duran is an employee and property manager for Carousel Management, LLC, and Kameron McLean and Tenielle Monday are employees of Carousel Management, LLC.

14. Upon information and belief, Defendant Dawnyel Wise operates, supervises, manages and owns Carousel Management, LLC, a company engaged in managing vacation rental properties along the northern coast of California.

15. Upon information and belief, Defendants began unlawfully using the White Rock Resort mark to market and promote cabins at the Resort for rent in April of 2017. Defendants set up a domain name using White Rock Resort – www.whiterockresort.net – to route internet traffic to their website where they also used the White Rock Resort mark to market and promote the cabins at the Resort for rent. Defendants began using (and continue to use) the White Rock Resort name and mark to market and promote the cabins at the Resort for rent on social media and various websites such as Vacation Rental By Owner, booking.com, Facebook, etc. Defendants have also used the White Rock

Resort mark on various marketing materials, such as flyers and t-shirts, and in radio advertisements. Defendants have unlawfully used the White Rock Resort mark in interstate commerce to attract travelers from all over the country to the Resort.

16. Defendants are not authorized to use the White Rock Resort mark, any colorable imitations or iterations thereof, any marks or names substantially indistinguishable from this mark, or any marks confusingly or substantially similar thereto, to identify any vacation rentals or other goods or services.

17. Upon information and belief, Plaintiff alleges that, at all relevant times, Defendants were aware of Plaintiff's proprietary interest in the distinctive and unique name and trademark associated with Plaintiff's Resort and willfully and intentionally copied Plaintiff's trademark.

**FIRST CAUSE OF ACTION**
**Trademark Infringement Under the Lanham Act and Common Law**
**(Alleged Against All Defendants)**

18. Plaintiff hereby incorporates each and every allegation contained in the paragraphs above as if fully stated herein.

19. Defendants have used in commerce, without Plaintiff's consent, marks that so resemble Plaintiff's mark that it is likely to cause confusion with respect to the source and origin of Defendants' products and business and is likely to cause confusion or mistake and to deceive consumers as to the affiliation, connection, or association of Plaintiff with Defendants and/or the marketing or sale of its products.

20. Defendants' acts constitute infringement of Plaintiff's "White Rock Resort" mark, in violation of the Lanham Act, 15 U.S.C. § 1114, and the common law.

21. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to its business reputation and goodwill.

Defendants will continue, unless restrained, to use marks confusingly similar to Plaintiff's "White Rock Resort" mark and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendants, its officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of trademark infringement. Such harm will continue and increase until Defendants are preliminarily and permanently enjoined from their unlawful conduct.

22. Plaintiff is further entitled to recover from Defendants the actual damages that it sustained and/or is likely to sustain as a result of Defendants' wrongful acts. Plaintiff is presently unable to ascertain the full extent of monetary damages that it has suffered and/or is likely to suffer by reason of Defendants' acts of trademark infringement.

23. Plaintiff is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of their wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages that Defendants have realized by reason of their acts of trademark infringement.

24. Because of the willful nature of Defendants' wrongful acts, Plaintiff is entitled to an award of damages under 15 U.S.C. § 1117.

**SECOND CAUSE OF ACTION**
**False Designation of Origin Under the Lanham Act**
**(Alleged Against All Defendants)**

25. Plaintiff hereby incorporates each and every allegation contained in the paragraphs above as if fully stated herein.

26. Defendants' actions as alleged herein constitute a false designation of origin in violation of 15 U.S.C. § 1125(a).

27. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to its business reputation and goodwill. Defendants will continue, unless restrained, to use marks confusingly similar to Plaintiff's "White Rock Resort" mark and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendants, its officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of false designation of origin. Such harm will continue and increase until Defendants are preliminarily and permanently enjoined from their unlawful conduct.

28. Plaintiff is further entitled to recover from Defendants the actual damages that it sustained and/or is likely to sustain as a result of Defendants' wrongful acts. Plaintiff is presently unable to ascertain the full extent of monetary damages that it has suffered and/or is likely to suffer by reason of Defendants' acts of false designation of origin.

29. Plaintiff is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of their wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages that Defendants have realized by reason of their acts of false designation of origin.

30. Because of the willful nature of Defendants' wrongful acts, Plaintiff is entitled to an award of damages and increased profits under 15 U.S.C. § 1117.

### THIRD CAUSE OF ACTION
**Trademark Dilution Under the Lanham Act**
**(Alleged Against All Defendants)**

31. Plaintiff hereby incorporates each and every allegation contained in the paragraphs above as if fully stated herein.

32. Plaintiff's White Rock Resort mark is inherently distinctive and has acquired distinction from other marks through long, continuous, and exclusive use by Plaintiff.

33. Plaintiff's White Rock Resort mark is famous and distinctive within the meaning of 15 U.S.C. §§ 1125(c)(1) and 1127.

34. Defendants' unlawful activities described in this complaint constitute unauthorized use in interstate commerce of Plaintiff's White Rock Resort mark. Defendants' unlawful activities were conducted in full recognition of Plaintiff's use of the White Rock Resort mark and commenced after such trademark became famous. On information and belief, such activities are likely to dilute, have diluted, and will continue to dilute and/or be likely to dilute, the distinctive quality of Plaintiff's White Rock Resort mark by lessening its capacity to identify and distinguish Plaintiff's goods and by blurring and tarnishing this mark to the damage and harm of Plaintiff, its customers, and the public, in violation of 15 U.S.C. § 1125(c)(1).

35. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer dilution of the distinctive quality and the blurring and tarnishing of its White Rock Resort mark. Defendants will continue, unless restrained, to use marks confusingly similar to Plaintiff's "White Rock Resort" mark and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendants, its officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of dilution. Such harm will continue and increase until Defendants are preliminarily and permanently enjoined from their unlawful conduct.

36. Plaintiff is further entitled to recover from Defendants the actual damages that it sustained and/or is likely to sustain as a result of Defendants' wrongful acts. Plaintiff is presently

unable to ascertain the full extent of monetary damages that it has suffered and/or is likely to suffer by reason of Defendants' acts of dilution.

37. Plaintiff is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of their wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages that Defendants have realized by reason of their acts of dilution.

38. Plaintiff is informed and believes, and on that basis alleges, that Defendant committed the acts alleged above: (a) with previous knowledge of Plaintiff's prior use of its White Rock Resort mark; (b) with the willful intent to trade on Plaintiff's goodwill and reputation; and/or (c) with the willful intent to cause dilution of Plaintiff's White Rock Resort mark. As a result, Plaintiff has been damaged in an as yet unascertained amount. Because of the willful nature of Defendants' wrongful acts, Plaintiff is entitled to an award of damages and increased profits under 15 U.S.C. § 1117.

### FOURTH CAUSE OF ACTION
**Injury to Business Reputation and Dilution Under Cal. Bus. & Prof. Code § 14330**
**(Alleged Against All Defendants)**

39. Plaintiff hereby incorporates each and every allegation contained in the paragraphs above as if fully stated herein.

40. The use of Plaintiff's mark in California: (a) dilutes or is likely to dilute the distinctive quality of Plaintiff's White Rock Resort mark; (b) reduces or is likely to reduce the value of Plaintiff's goodwill and business reputation; and (c) destroys or is likely to destroy the association by the public of Plaintiff's distinctive White Rock Resort mark. Defendants' wrongful acts constitute injury to business reputation and dilution of the distinctive quality of Plaintiff's mark within the meaning of Cal. Bus. & Prof. Code § 14330.

41.     As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer dilution of Plaintiff's distinctive mark and damage to its business reputation and goodwill in an amount subject to proof.  Defendants will continue, unless restrained, to use the mark, and will cause irreparable damage to Plaintiff.  Plaintiff has no adequate remedy at law.  Plaintiff is entitled to an injunction restraining Defendants, its officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of injury to Plaintiff's business reputation and dilution of Plaintiff's mark.  Such harm will continue and increase until Defendants are preliminarily and permanently enjoined from their unlawful conduct.

## FIFTH CAUSE OF ACTION
**Unfair Competition Under Cal. Bus. & Prof. Code § 17200 and the Common Law**
**(Alleged Against All Defendants)**

42.     Plaintiff hereby incorporates each and every allegation contained in the paragraphs above as if fully stated herein.

43.     Cal. Bus. & Prof. Code § 17200, et seq., states that unfair competition shall mean and include any "unlawful, unfair or fraudulent business act or practice."

44.      Defendants' actions alleged herein constitute unlawful business acts and/or practices under Cal. Bus. & Prof. Code § 17200, et seq. and the common law.

45.     Defendants' conduct constitutes unfair business acts and/or practices because Defendants have unfairly used and infringed Plaintiff's White Rock Resort mark pursuant to the Lanham Act while engaging in a business practice.

46.     Defendants' conduct constitutes fraudulent business acts and practices because Defendants have deceptively and unfairly marketed, advertised, sold, and/or distributed products under marks that are confusingly similar to Plaintiff's White Rock Resort mark.

47.     As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to its business reputation and goodwill. Defendants will continue, unless restrained, to use Plaintiff's mark, and to deceptively and unfairly market, advertise, and promotes their business.  This will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law.  Plaintiff is entitled to an injunction restraining Defendants, its officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of unfair competition.  Such harm will continue and increase until Defendants are preliminarily and permanently enjoined from their unlawful conduct.

48.     Plaintiff is further entitled to recover from Defendants the actual damages that it sustained and/or is likely to sustain as a result of Defendants' wrongful acts.  Plaintiff is presently unable to ascertain the full extent of monetary damages that it has suffered and/or is likely to suffer by reason of Defendants' acts of unfair competition.

49.     Plaintiff is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of their wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages that Defendants have realized by reason of their acts of unfair competition.

**SIXTH CAUSE OF ACTION**
**Unjust Enrichment Under Common Law**
**(Alleged Against All Defendants)**

50.     Plaintiff hereby incorporates each and every allegation contained in the paragraphs above as if fully stated herein.

51.     By virtue of the egregious and illegal acts of Defendants as described above, Defendants have been unjustly enriched in an amount to be proven at trial.

52. Defendants' retention of monies gained through its deceptive business practices, infringements, and otherwise, would serve to unjustly enrich Defendants and would be contrary to the interests of justice.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1. For damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. § 1114/Lanham Act § 43(a);

2. For damages in an amount to be proven at trial for false designation of origin under 15 U.S.C. § 1125(a);

3. For damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. § 1125(c);

4. For damages in an amount to be proven at trial for common law unfair competition;

5. For damages in an amount to be proven at trial for unfair, fraudulent and illegal business practices under Cal. Bus. & Prof. Code § 17200;

6. For disgorgement of Defendants' profits under 15 U.S.C. § 1117(a);

7. For injunctive relief barring Defendants' and their agents, employees, subsidiaries, licensees, successors and assigns, and all other person in active concert, privity or participation with them, from doing, abiding, causing or abetting any direct or indirect use of Plaintiff's White Rock Resort mark, or any confusingly similar marks in any way, including advertising, promoting or selling Plaintiff's products and services, which infringe upon Plaintiff's rights and/or compete unfairly with Plaintiff;

8. For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return their ill-gotten gains obtained from illegal transactions entered into and pay restitution, including the amount of monies that should have been paid if Defendants complied with their legal obligations, or as equity requires;

9. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

10. For destruction of the infringing articles in Defendants' possession under 15 U.S.C. Code § 1118;

11. For damages in an amount to be proven at trial for unjust enrichment;

12. For all costs of suit; and

13. For such other and further relief as this Court may deem just and equitable.


Dated:  December 27, 2017


                                                                         /s/                     
Margot L. Roen
*Attorney for Plaintiff White Rock Investors, LLC*